## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ERMA CHRISTENSEN, Administrator of the Estate of Norman J. Preston;**<br><br>     **Plaintiff,**<br><br>  **vs.**<br><br>**CHAPPELL FEEDLOT, LLC,**<br><br>     **Defendant.** | **4:21CV3065**<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Extend Plaintiff's Rebuttal Disclosure Deadline (Filing No. 25). Plaintiff requests an extension of the deadline to disclose rebuttal expert opinions from March 15, 2022, to July 15, 2022. Defendant opposes the motion. (Filing No. 27). For the following reasons, the Court will grant the motion.

## BACKGROUND

Plaintiff, the Administrator of the Estate of Norman J. Preston ("the decedent"), filed this wrongful death action on March 18, 2021, alleging the decedent died from fatal injuries he received on January 17, 2020, when a cow or cattle owned by Defendant escaped their feedlot and collided with the vehicle being driven by the decedent on the highway. (Filing No. 1). The parties filed a joint Rule 26(f) Report on June 18, 2021, agreeing to certain case progression deadlines, including deadlines to identify and disclose experts. (Filing No. 9). In accordance with the parties' Rule 26(f) Report, the Court filed a Case Progression Order on June 21, 2021, setting the following deadlines related to expert disclosures:

> December 28, 2021, for both parties to identify experts
> January 27, 2022, for Plaintiff to complete expert disclosures
> February 28, 2022, for Defendant to complete expert disclosures
> March 15, 2022, for Plaintiff to complete rebuttal expert disclosures

(Filing No. 10).

On December 27, 2021, Plaintiff identified an expert (Filing No. 18) and Defendant identified Lynn Walworth as a "liability expert." (Filing No. 27). On January 26, 2022, Plaintiff's counsel emailed defense counsel asking to schedule depositions in March, including depositions of Defendant's expert, and to schedule an inspection of Defendant's premises/feedlot under Fed. R. Civ. P. 45(a)(1)(C). (Filing No. 26-4). Defense counsel replied on January 27, suggesting April 14 or 15,

2022. Defense counsel recognized those dates were after the April 12 deposition deadline, but assumed they could "informally agree to extend" the deadline. (Filing No. 26-5). Plaintiff served expert disclosures on January 27, 2022. (Filing No. 20).[1]

On February 28, 2022, Defendant disclosed Mr. Walworth's expert report prepared on February 24, in which he opined a "wildlife fight" took place near the feed bunk, causing the herd to stampede, and that the escaped steer "was running from both fear and displacement from the herd." Mr. Walworth concluded the feedlot's "fence and operations were reasonable and more than satisfy what would be considered acceptable practice and the standard for similar facilities in western Nebraska." (Filing No. 26-2).

On March 3, 2022, the Court held a planning conference with counsel for the parties and set June 1, 2022, as the deadline to complete depositions; July 1, 2022, as the deadline to file motions to exclude testimony pursuant to *Daubert* and to file dispositive motions; and set trial to commence on November 7, 2022.[2] (Filing No. 24).

On April 5, 2022, Plaintiff's counsel contacted defense counsel regarding the 30(b)(6) deposition, feedlot inspection, and the deposition of Defendant's expert, which were still scheduled for the following week. On April 7, defense counsel's office emailed Plaintiff's counsel stating defense counsel needed to move the April depositions, and after more email exchanges between counsel, they agreed upon May 24 to 26 to reschedule the depositions and inspection. (Filing No. 29; Filing No. 29-1).

On May 24, 2022, the day before Mr. Walworth's scheduled deposition, Defendant provided Mr. Walworth's supplemental expert report to Plaintiff. (Filing No. 26). In the supplemental report—dated March 11, 2022—Mr. Walworth stated he had revisited the feedlot after a fresh snow storm, and opined that racoons caused the cattle to stampede and confirmed his opinion that the accident was caused by a frightened running steer. (Filing No. 26-3). Also on May 24, Defendant supplemented its discovery responses to include photographs and a "Record of Cattle Death" identifying a yellow heifer that had arrived at the feed lot three days before the accident, as opposed to Defendant's earlier disclosure of a 950 pound yearling mixed black yearling steer shipped from a ranch in Oklahoma that had been at the feed lot for weeks before the accident in a group of 126 steers from the same location. (Filing No. 26 at p. 2).

---

[1] The Court does not have a copy of Plaintiff's expert report, but the parties appear to agree Plaintiff did not designate a liability expert as part of Plaintiff's case-in-chief. (Filing No. 30 at p. 8; Filing No. 27 at p. 2).

[2] Defendant mistakenly states in its brief that the deposition deadline expired on April 4, 2022, and the *Daubert* motion deadline expired on April 4, 2022. (Filing No. 27 at p. 6). The Court had extended both deadlines following the March 3, 2022, conference. (Filing No. 24).

Plaintiff was able to inspect the property on May 25, 2022, and depose Mr. Walworth on May 26. (Filing No. 26 at p. 2). Plaintiff asserts that it learned the following new information after Mr. Walworth's deposition and inspection of the feedlot: the size and configuration of the feedlot and surrounding pastureland; the type, dimensions, characteristics, conditions, maintenance, and repair of the fencing and gates within the feedlot, around the feedlot, and around the pastures outside of the feedlot; the nature of the feedlot operations; the number of cattle, breed, and type in the feedlot at the time of the accident; the length of time the heifer had been at the feedlot prior to its escape; the last known location of the heifer within the feedlot; Defendant's practices and procedures regarding livestock placement, care, feeding, movement, and management; Defendant's practices and procedures regarding the securing of gates and other points of ingress or egress; the presence of wildlife in and around the feedlot historically and around the time of the heifer's escape; Defendant's policies and procedures for handling wildlife and other environmental factors or stressors; Defendant's first notice of the heifer's escape; the presence of Defendant's employees at the feedlot around the time of the heifer's escape; Defendant's investigation into the reasons for the heifer's escape; the history of other livestock escapes at the feedlot.

On May 31, 2022, Plaintiff's counsel asked defense counsel to consent to an extension of the expert rebuttal deadline. Defense counsel rejected Plaintiff's request on June 1, and Plaintiff filed the instant motion to extend the expert rebuttal deadline on June 2. (Filing No. 29 at p. 3; Filing No. 25).

## ANALYSIS

As an initial matter, there is a split of authority as to whether a motion to modify a progression schedule that is filed after the deadline has passed must satisfy the "excusable neglect" standard of Rule 6(b)(1)(B) in addition to, or in lieu of, the "good cause" standard under Rule 16(b). See *LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *2 (D. Neb. Nov. 19, 2021) (recognizing split); *Doe v. Frakes*, No. 8:19CV252, 2022 WL 507518, at *2 (D. Neb. Feb. 18, 2022) (finding the moving party must show both excusable neglect and good cause); *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) ("Arguably the excusable-neglect standard should apply when a party seeks to modify the scheduling order after the deadline has passed. But the plain text of Rule 16 does not make this distinction.") (citations omitted). This Court will rely on *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 432 (8th Cir. 2019), in which the Eighth Circuit only relied on the "good cause" standard under Rule 16(b) when discussing what a litigant must show in order to extend a court-imposed expert disclosure deadline after the deadline has passed.

A progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Good cause under Rule 16(b)(4) may be shown by identifying a change in the law, newly discovered facts, or another significant change in circumstance. See *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). If the movant makes the requisite showing of diligence, then the court may consider other factors such as the degree of prejudice to the nonmoving party. See *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008).

After review, the Court finds Plaintiff has demonstrated the requisite diligence to establish good cause to extend the expert rebuttal deadline. Plaintiff's counsel timely identified an expert on December 27, 2021, and timely served initial expert disclosures on January 27, 2022. Plaintiff began asking defense counsel for dates to schedule depositions of Defendant's expert and for an inspection of Defendant's premises in January 2022, well before the March 15 expert rebuttal deadline. Plaintiff's counsel agreed to defense counsel's suggested dates; it was defense counsel that could not meet their previously scheduled deposition and inspection dates in April, asking Plaintiff's counsel to reschedule one week before they were supposed to take place and assuming they could "informally" extend the deposition deadline. Plaintiff's counsel again accommodated defense counsel's schedule and, per defense counsel's suggestion, rescheduled the expert deposition and inspection for the end of May. Plaintiff, perhaps incorrectly, assumed defense counsel would be equally accommodating of a reciprocal extension of the expert rebuttal deadline in light of the delays of the deposition of Defendant's expert and Plaintiff's inspection of the feedlot. Plaintiff has identified additional information garnered from Mr. Walworth's deposition on May 25, 2022, and from Defendant's supplemental discovery responses provided on May 24, 2022, that prompted Plaintiff's belief she needs additional time to disclose a rebuttal expert opinion, and which the Court finds plausibly supports Plaintiff's requested extension. Within a week of Defendant's supplemental disclosures, Mr. Walworth's deposition, and Plaintiff's inspection of the feedlot, Plaintiff asked defense counsel to consent to the rebuttal expert extension, and filed the instant motion two days after defense counsel declined. Plaintiff has not requested any other extensions of case deadlines and does not have a pattern of dilatory behavior in this case, which was filed just over a year ago. Plaintiff's requested extension is reasonable, and, under the circumstances, the Court finds Plaintiff has established good cause to grant the extension. Defendant will not be prejudiced by the extension, as trial is not until November, and at the time Plaintiff sought to extend this deadline, neither the *Daubert* deadline nor the summary judgment deadline had expired.

Plaintiff has asked for an extension of time to July 15, 2022, to serve a rebuttal report.  A rebuttal expert's report and testimony are permissible to "contradict or rebut evidence on the same subject matter identified by another party."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party. As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief."  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (internal quotation marks and citations omitted).  At this time, the Court will not speculate as to whether Plaintiff's anticipated rebuttal report will be, in actuality, a report for its case-in-chief, or a true rebuttal report.  The Court simply finds Plaintiff has demonstrated good cause to extend the deadline to serve a rebuttal report, that fairness and justice favors deciding this case on the merits, and Defendant will not be prejudiced by the extension.  Counsel may jointly agree to any other extensions of deadlines in light of this order.  Accordingly,

**IT IS ORDERED:** Plaintiff's Motion to Extend Plaintiff's Rebuttal Disclosure Deadline (Filing No. 25) is granted.  The deadline for Plaintiff to make expert rebuttal disclosures is extended to July 15, 2022.

Dated this 30th day of June, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge